**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Copenship A/S
350 Fifth Avenue, Suite 3304
New York, New York 10118
Phone: (201) 882-0303
Fax:    (201) 299-2714
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

COPENSHIP A/S

                Plaintiff,

      - against -

FINAGRIT S.R.L.

                Defendant.

------------------------------------------------------X

JUDGE LYNCH

ECF CASE


07 CIV 8068

**VERIFIED COMPLAINT**

Plaintiff, COPENSHIP A/S ("Copenship" or "Plaintiff"), by its attorneys, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case

also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

2. At all material times, Plaintiff, Copenship was and now is a foreign corporation organized under and existing by virtue of the laws of Denmark, and was the disponent Owner of the M.V. PAPUA (the "Vessel"), a single deck bulk carrier of about 31,837 deadweight tons capacity engaged in the carriage of bulk cargo by water.

3. Upon information and belief, at all material times, Defendant, FINAGRIT S.R.L. ("Finagrit"), was and now is a foreign corporation organized and existing under and by virtue of the laws of Italy, and was the Charterer of the Vessel.

## FACTS GIVING RISE TO CLAIM

4. On or about December 9, 2004, a charter party (the "Charter") was made between Copenship, as disponent Owner of the Vessel, and Finagrit as Charterer whereby Finagrit chartered the Vessel for the carriage of a cargo of bulk wheat from Lubeck, Germany for discharge at Tripoli, Libya.

5. The Charter provided that the cargo shall be discharged at the expense and risk of the Charterer at the average rate of 3,000 metric tons per weather

working day of 24 consecutive hours, Thursday/Friday/Holidays excluded even if used. Laytime at loading and discharging are not reversible. Demurrage was payable by Charterer to Owner at the rate of $25,000 per day of 24 consecutive hours or pro rata. The Charter also provided that in case bill of lading not available at discharging port, Owner agrees to deliver cargo against presentation of a letter of indemnity issued by the Charterer and that waiting time for berthing to count as laytime and to be added to laytime used for discharging the entire cargo.

6. Delays occurred during the Vessel's discharge at Tripoli due to bad weather and non-presentation of the original bill of lading by the Charterer. Owner claimed demurrage for the delays that accrued at discharge in the amount of $289,236.11. However, Charterer refused to pay Owner the demurrage due and owning under the Charter and instead claimed despatch in the amount of $74,739.57.

7. The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration of "Chambre Arbitrale Maritime de Paris ["C.A.M.P."] ... The decision rendered according to the rules of Chambre Arbitrale and according to French Law shall be final and binding upon both parties". On or about March 24, 2006 Copenship demanded arbitration of its demurrage claim against Finagrit and the parties proceeded to arbitration pursuant to the rules of C.A.M.P. before a panel of three arbitrators.

8.   On or about July 16, 2007 the arbitrators rendered their award awarding Copenship $158,350.50 as demurrage plus interest at the legal rate in France from April 4, 2006. The arbitrators also dismissed Finagrit's counterclaim for despatch money. In addition, the arbitrators ordered Finagrit to pay Copenship its attorneys' fees of Euro 5,000 or $6,914.77[1].

9.   On or about August 6, 2007 Finagrit filed an appeal of the award of the arbitrators with the French arbitration court. No security for Copenship's claim has been posted by Finagrit or anyone acting on its behalf. Copenship believes that Finagrit has no intention of satisfying the arbitration award and that the appeal is simply a tactic to avoid the inevitable payment of monies to the Plaintiff.

10.   The appeal before the French arbitration court may take about 7 months. Plaintiff is entitled to and would receive interest at the legal rate in France of about 2.5% from April 4, 2006 to the completion of the appeal or about $7,917.52. In addition to the unsatisfied award, Plaintiff is also entitled, in France, to attorneys' fees incurred or likely to be incurred in defending the appeal, which as best as can presently be calculated, is Euro 6,000 or $8,297.70[1].

11.   Plaintiff's total claim against Defendant for which it seeks security herein is $181,480.49.

---

[1] 1 EUR = 1.38295 USD

12. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

13. Plaintiff brings this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall retain jurisdiction to enter a judgment upon the arbitration award in the French arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, Finagrit S.R.L., that it be personally cited to appear and answer the matters set forth above.

2. That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $181,480.49, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the arbitration appeal and that this Court retain jurisdiction over this matter through the entry of a judgment upon the aforesaid arbitration award or otherwise; and

4. That this Court grant to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
September 14, 2007

            LAW OFFICES OF RAHUL WANCHOO
            Attorneys for Plaintiff
            COPENSHIP A/S

          By: *Rahul Wanchoo*
            Rahul Wanchoo (RW-8725)

STATE OF NEW JERSEY)
                          ss.
COUNTY OF BERGEN)

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

_____
RAHUL WANCHOO

Sworn to and subscribed to
before me this 14th day of
September 2007

_____
Notary Public

Masha Elelman
Notary Public
State of New Jersey
My Comm. Expires Nov. 15, 2011