Michael O. Hardison
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910

Attorneys for Defendant
Finagrit S.R.L.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
COPENSHIP A/S,

                     Plaintiff,

    -against-                                   07 Civ. 8068 (GEL)
                                                     ECF CASE

FINAGRIT S.R.L.,

                     Defendant.
-------------------------------------------------------x

## VERIFIED ANSWER AND COUNTERCLAIM

Defendant, Finagrit S.R.L., by its attorneys, Eaton & Van Winkle LLP, for its Verified Answer and Counterclaim, upon information and belief, alleges as follows:

1. Admits that this a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and this Honorable Court, admits that this case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 but, except as so specifically admitted, denies the remaining allegations in Paragraph 1 of the Verified Complaint.

2. Admits that Plaintiff acted as a disponent owner of the M/V PAPUA, a bulk carrier engaged in the carriage of bulk cargo by water but, except as so expressly admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 2 of the Verified Complaint.

3. Admits the allegations contained in Paragraph 3 of the Verified Complaint.

4. Admits the allegations contained in Paragraph 4 of the Verified Complaint.

5. Admits the allegations contained in Paragraph 5 of the Verified Complaint.

6. Admits the allegations contained in Paragraph 6 of the Verified Complaint.

7. Admits the allegations contained in Paragraph 7 of the Verified Complaint.

8. Admits the allegations contained in Paragraph 8 of the Verified Complaint.

9. Admits that on or about August 6, 2007 Defendant filed an appeal of the award of the arbitrators with the French arbitration court, admits that no security for Plaintiff's claim has been posted by Defendant or anyone acting on its behalf but, except as so expressly admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Verified Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Verified Complaint.

11. Admits the allegations contained in Paragraph 11 of the Verified Complaint.

12. Denies the allegations contained in Paragraph 12 of the Verified Complaint.

13. Admits the allegations contained in Paragraph 13 of the Verified Complaint.

### FIRST DEFENSE

14. The Court lacks jurisdiction over the person of Defendant.

### SECOND DEFENSE

15. The charter provides that all disputes are to be submitted to the Chambre Arbitrale Maritime de Paris with French law to apply.

16. Defendant expressly reserves the right to arbitrate the merits of the disputes with Plaintiff before the Chambre Arbitrale de Paris pursuant to French law and asserts its counterclaim solely to obtain security for its damages.

### COUNTERCLAIM

17. This counterclaim arises out of the same transactions or occurrences with respect to which the action was originally filed and Defendant has given security to Plaintiff to respond to Plaintiff's alleged damages.

18. Plaintiff is a corporation or other business entity organized and existing under the laws of a foreign country.

19. Defendant is a corporation or other business entity organized and existing under the laws of a foreign country.

20. On or about December 9, 2004, Plaintiff and Defendant entered into charter party for the M/V PAPUA for the carriage of a cargo of bulk wheat from Lubeck, Germany to Tripoli, Libya.

21.     The M/V PAPUA arrived at the Tripoli roads on December 27, 2004 and tendered Notice of Readiness ("NOR") to discharge even though Clause 8 of the charter party provides that NOR "shall be delivered when the vessel is in loading or discharging berth and in all respects ready to load/discharge". The only exception allowing tender of NOR prior to berthing is when a berth is unavailable. A berth was available on December 27, 2004. Therefore, time did not begin to count.

22.     The vessel, due to bad weather, was unable to enter the port and berth until January 4, 2005, which is when time would have commenced to count. However, since NOR could only have been properly tendered on the evening of Wednesday, January 4, 2005 then, according to Clause 42 of the charter party, time did not commence to count until January 8, 2005 ("Time not to count between 05.00 PM Wednesday and 08.00 AM Saturday"). Time also did not count between 0800 hours on January 8, 2005 and 1735 hours on January 10, 2005 because the Master of the vessel did not allow discharging operations to commence until 1735 hours on January 10, 2005.

23.     The vessel, as a result, did not exceed the allowed time to discharge so no demurrage was incurred.

24.     Instead, on a correct counting of time, the vessel used less than the allowed time and Defendant earned despatch money in the amount of $74,539.57.

25.     Plaintiff breached the terms of the charter party by failing to pay the despatch money earned by Defendant.

26. Defendant, by reason of the premises, has sustained damages, no part of which have been paid, in the amount of $74,539.57.

27. Interest, costs and attorneys' fees are regularly awarded to the prevailing party in proceedings before the Chambre Arbitrale Maritime de Paris pursuant to French law.

28. The total amount sought as counter-security through the assertion of this counterclaim is calculated as follows:

(i) Principal claim for despatch money in the amount of $74,539.57;

(ii) Estimated interest on the principal claim for three years at the rate of 2.5% per annum in the amount of $5,605.46;

(iii) Estimated attorneys' fees and expenses in the amount of $84,656.46;

(iv) For a total counterclaim in the amount of $165,001.49.

29. On September 14, 2007, this Court issued an Ex Parte Order Of Maritime Attachment.

30. Thereafter, the Clerk of the Court issued Process of Maritime Attachment and Garnishment of any assets of Defendant in the hands of JPMorgan Chase Bank, UBS AG, Citibank, N.A., Bank of New York, HSBC Bank, American Express Bank and Deutsche Bank

31. The Process of Maritime Attachment and Garnishment was served upon the garnishee banks and assets of Defendant were garnished in the amount of $2,975.00.

32. Defendant lacks counter-security for its counterclaim.

33. Defendant brings this counterclaim solely to obtain counter-security for its counterclaim.

34. The charter party provides that any disputes between Plaintiff and Defendant are to be submitted to the Chambre Arbitrale Maritime de Paris with French law to apply.

35. Defendant expressly reserves the right to submit the merits of the disputes between Plaintiff and Defendant to the Chambre Arbitrale Maritime de Paris with French law to apply.

WHEREFORE, Defendant prays as follows:

1. That the Court, in accordance with the provisions of Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims, direct Plaintiff to post a bond in the usual form in the amount of $165,001.49 as security to respond in damages to the claim set forth in the counterclaim;

2. That the Court enter judgment against Plaintiff in the amount of any arbitral award or judgment obtained by Defendant against Plaintiff, plus interest, costs and attorneys' fees;

3. That such judgment, to the extent possible, be satisfied by the security posted by Plaintiff; and

4. That the Court grant Defendant such other further and different relief as may be just, proper and equitable in the premises.

Dated: New York, New York
      October 9, 2007

                      EATON & VAN WINKLE LLP

            By:    /s/ Michael O. Hardison
                    Michael O. Hardison

                  3 Park Avenue
                  New York, New York 10016-2078
                  (212) 779-9910

                  Attorneys for Defendant
                  Finagrit S.R.L.

## **VERIFICATION**

MICHAEL O. HARDISON, Esq., pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1. I am a member of the firm of Eaton & Van Winkle LLP, attorneys for Defendant, and I make this Verification on behalf of Defendant.

2. I have read the foregoing Verified Answer and Counterclaim and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

3. The sources of my information and the grounds for my belief are communications and documents received from the London solicitors for Defendant and an examination of the papers relating to the matters in suit.

4. The reason that this Verification is made by the undersigned, and not by Defendant, is that Defendant is a foreign corporation or other business entity, no officer or director of which is presently within this District.

Dated:  New York, New York
        October 9, 2007

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Michael O. Hardison
Michael O. Hardison

-8-