**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Copenship A/S
350 Fifth Avenue, Suite 3304
New York, New York 10118
Phone: (201) 882-0303
Fax:    (201) 299-2714
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

COPENSHIP A/S

                Plaintiff,

        - against -

FINAGRIT S.R.L.

                Defendant.

------------------------------------------------------X

ECF CASE

07 Civ. 8068 (GEL)

**REPLY TO COUNTERCLAIM**

      Plaintiff, COPENSHIP A/S ("Plaintiff"), by its attorneys, LAW OFFICES OF RAHUL WANCHOO, replying to the Counterclaim of Defendant, FINAGRIT S.R.L. ("Defendant") alleges on information and belief as follows:

      1.    Plaintiff denies the allegations contained in paragraph 17 of Defendant's Verified Answer and Counterclaim.

      2.    Plaintiff admits the allegations contained in paragraph 18 of Defendant's Verified Answer and Counterclaim.

3.  Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Defendant's Verified Answer and Counterclaim.

4.  Plaintiff admits the allegations contained in paragraph 20 of Defendant's Verified Answer and Counterclaim.

5.  Plaintiff admits that the M.V. PAPUA ("Vessel") arrived at the Tripoli roads on December 27, 2004 and tendered her notice of readiness to discharge. Except as expressly admitted herein, it denies the allegations contained in paragraph 21 of Defendant's Verified Answer and Counterclaim.

6.  Plaintiff denies the allegations contained in paragraph 22 of Defendant's Verified Answer and Counterclaim.

7.  Plaintiff denies the allegations contained in paragraph 23 of Defendant's Verified Answer and Counterclaim.

8.  Plaintiff denies the allegations contained in paragraph 24 of Defendant's Verified Answer and Counterclaim.

9.  Plaintiff denies the allegations contained in paragraph 25 of Defendant's Verified Answer and Counterclaim.

10. Plaintiff denies the allegations contained in paragraph 26 of Defendant's Verified Answer and Counterclaim.

11. Plaintiff admits the allegations contained in paragraph 27 of Defendant's Verified Answer and Counterclaim.

12. Plaintiff denies the allegations contained in paragraph 28 of Defendant's Verified Answer and Counterclaim.

13. Plaintiff admits the allegations contained in paragraph 29 of Defendant's Verified Answer and Counterclaim.

14. Plaintiff admits the allegations contained in paragraph 30 of Defendant's Verified Answer and Counterclaim.

15. Plaintiff admits the allegations contained in paragraph 31 of Defendant's Verified Answer and Counterclaim.

16. Plaintiff denies the allegations contained in paragraph 32 of Defendant's Verified Answer and Counterclaim.

17. Plaintiff denies the allegations contained in paragraph 33 of Defendant's Verified Answer and Counterclaim.

18. Plaintiff admits the allegations contained in paragraph 34 of Defendant's Verified Answer and Counterclaim.

19. Plaintiff and Defendant had submitted their disputes to arbitration to the Chambre Arbitrale Maritime de Paris, and on or about July 16, 2007 the arbitrators rendered their award awarding Plaintiff $158,350.50 as demurrage plus interest and attorneys' fees. Except as expressly admitted herein, it denies the allegations contained in paragraph 35 of Defendant's Verified Answer and Counterclaim.

### FIRST DEFENSE TO COUNTERCLAIM

20. The Counterclaim fails to state a claim on which relief can be granted.

### SECOND DEFENSE TO COUNTERCLAIM

21. The Counterclaim does not arise from the same transaction or occurrence that is the subject of the original action filed by Plaintiff.

### THIRD DEFENSE TO COUNTERCLAIM

22. On or about July 16, 2007 the French arbitrators rendered their award and held that the waiting time of the Vessel off the harbour counts as laytime. The arbitrators also dismissed Defendant's counterclaim for despatch money, and ordered Defendant to pay Plaintiff its attorneys' fees of Euro 5,000. Accordingly, the Counterclaim asserted by Defendant in its Verified Answer is frivolous and should be denied by the Court.

### FOURTH DEFENSE TO COUNTERCLAIM

23. The charter party provides that all disputes between the parties are to be submitted to the Chambre Arbitrale Maritime de Paris with French law to apply. Accordingly, the Court should order Defendant to seek the requested countersecurity for its alleged Counterclaim in the French arbitration.

### FIFTH DEFENSE TO COUNTERCLAIM

24. If Plaintiff is ordered to post countersecurity for Defendant's Counterclaim, which is denied, Plaintiff should provide security in the same amount that it has managed to attach as security for its original claim, i.e. $2,975.00.

4

## SIXTH DEFENSE TO COUNTERCLAIM

25.     If Plaintiff is ordered to post countersecurity for Defendant's Counterclaim, which is denied, Plaintiff should in lieu of posting a bond be allowed to post a P&I Club letter of undertaking.

## SEVENTH DEFENSE TO COUNTERCLAIM

26.     Defendant's total Counterclaim in the amount of $165,001.49 is grossly excessive especially with respect to its claim for estimated attorneys' fees and expenses of **$84,656.46**[1]. Accordingly, if Plaintiff is ordered to post countersecurity for Defendant's Counterclaim, which is denied, the Court should reduce the amount of the countersecurity.

**WHEREFORE,** Plaintiff prays that the Counterclaim be dismissed, with costs, and that it may have such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
       October 29, 2007

                                    LAW OFFICES OF RAHUL WANCHOO
                                    Attorneys for Plaintiff
                                    COPENSHIP A/S

                                    By: _____Rahul Wanchoo_____
                                         Rahul Wanchoo (RW-8725)

---

[1] The Court will note that the French arbitrators ordered Defendant to pay Plaintiff its attorneys' fees of only Euro 5,000 or **$6,914.77**.